FILED
NOV 0 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Antoine B. Jones, Jr.  -   Plaintiff
12221 Brandywine Road, Brandywine, MD 20613

Case: 1:07-cv-01996
Assigned To : Leon, Richard J.
Assign. Date : 11/6/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

v.

Defendant(s)
Special Agent Stephanie Yanta, FBI, and Stephen Naugle, FBI
441 Fourth Street, NW, Sixth Floor North, Washington, DC 20001
US DOJ AUSA Rachel Lieber, AUSA John Geise
950 Pennsylvania Ave, NW, Washington DC 20004

I, Antoine B. Jones, Jr., do hereby come before the Courts to file civil claim against the US Department of Justice, the Federal Bureau of Investigation, FBI Special Agent Stephanie Yanta, FBI Agent Kellie O'Brien, Assistant US Attorney Rachel Lieber, and Assistant US Attorney John Geise for damages in the amount of $2,000,000 for violation of my constitutional rights by government officials acting under Color of Law pursuant to 42 U.S.C.1983.

STATEMENT OF FACTS

Assistant US Attorneys Rachel Lieber and John Geise, along with FBI agents have violated several of the Rules of Professional conduct (Rule 3.8, Rule 8.4). These persons displayed blatant disregard for the truth, were dishonest, deceitful and made numerous misrepresentations to the courts, judges, trial jury, in the many affidavits, grand jury and pretrial motions and during the trial of US v Jones, et al, CR-05-0386. The government attorneys and agents violated the law, made numerous false, slanderous and perjured statements, violated many ethical codes, willfully ignored and violated my constitutional rights, and placed themselves above the law.

In an effort to cover up wrongful acts committed by the government agents, the government agents and attorneys conspired, altered, withheld and did not disclose some very important and significant Brady material under Rule 16. These items of evidence would have revealed the illegal actions taken by the FBI agents and DC MPD detectives

RECEIVED
OCT 23 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

and further, the withholding of these items deprived me of my Constitutional Rights and seriously interfered with Administration of Justice and violating the Code of Professional Conduct (Rule 3.8, Rule 8.4).

The Act of Perjury (Black Law) – The act or an instance of a person's deliberately making false or misleading statements while under oath.

The Act of Misconduct (Black Law) – Unlawful or improper behavior, corrupt violation of his or her duties, reckless disregard of another Rights, dishonesty or attempt to persuade a court or jury by using deceptive or reprehensible method.

The Law states, act or omission by an attorney, (prosecutors or persons which violating the attorney oath of office or the Rule of Code of Professional Conduct, currently in effect in the District of Columbia shall constitute misconduct. When the Government and law enforcement willfully ignore these violations and intentionally violate these misconducts. The Government knows the consequences and when they choose this course of action the consequences will be severe. When a member of the Bar is found to have betrayed his or her highest trust and has violated legal ethics by showing bias and prejudice towards a defendant or defense team, warrant prosecutorial misconduct. Numerous examples of perjury (18§1623 False Declarations before Grand Jury or Court), false statements, misstatements and misconduct were uncovered in the affidavits in the statement of facts.

The US Supreme Court has ruled repeatedly that prosecutors have an ongoing duty to locate discoverable evidence held by agents of the State and present the discovery evidence in a timely manner, not during trial or when a witness gets up for the Government, as was the case in this trial. Even if the prosecutor doesn't know about the evidence because the agents withheld it, as fellow agents of the Government, prosecutors are held to have "constructive knowledge" of law enforcement evidence. This is about making sure that the trial is a search for the truth, and the truth comes out. The neglect of the Brady material under Rule 16, by the Government which is favorable to the accused

upon request violates due process. The Government held back on numerous items of Brady material as well as Jencks and Giglio materials.

PROSECUTORIAL MISCONDUCT - RACHEL LIEBER
RULE 16, BRADY MATERIAL, NON-DISCLOSURE VIOLATION

Assistant US Attorney Rachel Lieber denied me the opportunity to visit with my father, defendant Antoine Jones, Sr., while he was being detained at DC Jail and she also denied him the opportunity to make telephone calls, receive mail, or have any contact or communicate with me for approximately four months (Nov 2005-Mar 2006). Ms. Lieber made this determination on her own without consulting the Courts and without permission or order from the Court. In addition to the mental hardship this presented to me and my family, Ms. Lieber also violated certain Civil liberties, including the defendant's right to discovery under Rule 16, Brady Material, violating Ethical Code (Rule 3.8, Rule 8.4), denying defendant the right to prepare for a fair trial.

I was enrolled as a fulltime student at Coppin State University in Baltimore and because of the mental anguish and hardships placed on me and my family, I was forced to drop out of college and was unable to focus or concentrate on my education. Further, my family operated a consulting firm from our home as well as a real estate investment venture. Ms. Lieber and the Ms. Stephanie Yanta ignored requests for the return of documents that were taken from the house (Moore Street, Waldorf) which did not pertain in any way to a criminal investigation, but were in fact crucial to the continuance of the consulting business as well as the real estate investment business. Through the many requests defendant Jones made for his Rule 16 Discovery, through motions, notations in court, and verbal requests to the judge in open court, the prosecutor has ignored all of defendant's requests and has not given me or my family all of the discovery documents from the Moore Street house. During the trial, by court order, defendant Jones (my father) was allowed to go through a select few of the boxes of documents taken from the Moore Street house where he was allowed to flag some items. The agents decided which boxes the defendant would be allowed to go through. Defendant did "flag" some items to

assist his defense, but still has not received copies of the items he "flagged". Defendant Jones noted that some of the items he was interested in using in his defense which were seized from the Moore Street house, i.e., real estate contracts, club flyers, financial documents, cell phone bills, etc., were never presented to him, nor were they in the boxes of documents that the agents allowed the defendant to go through. In essence the agents decided which items they would allow the defendant to view and all other items were kept from the defendant, myself (defendant's son) and the defense legal team. This act severely handicapped our ability to continue business affairs in both the consulting business and the real estate business. Rule 16 states that the defendant is entitled to his discovery and in a timely manner. The non-disclosure of these relevant documents, discovery, and important evidence, under Rule 16, the Brady Material is a violation of Ethical Code, Rule 3.8, Rule 8.4 and Prosecutorial Misconduct.

Special Agent Stephanie Yanta created an affidavit and presented to the courts to obtain Wiretap authorization on the cell phone used by my father (Antoine Jones, Sr.). Agent Yanta further used information obtained through the wiretap to lie, harass, deceive, and interfere with our legitimate business relationships. Refer to September 2, 2005 wiretap Affidavit.

### Illegal Search of Moore Street house and the Jeep Cherokee:

FBI Agent Stephen Naugle entered the Moore Street house without a search warrant. A search warrant was never presented, signed, photographed nor was a copy of a search warrant or Attachment A left with the occupants. The agents (FBI and DC MPD Safe Streets Task Force) all entered the house in the dark, came up stairs to the bedrooms and snatched me and my family out of our beds, pointed guns at our heads and made us lay on the floor while they commenced to search the house.

Agent Naugle perjured himself in the trial. He testified that they entered the house after 6 a.m. The GPS data on the Jeep Cherokee shows the last entry on the device (when the agents disconnected it) was at 5:21 a.m. Mrs. Jones (my mother) testified under oath that the agents entered the house at 4:45 a.m. Further, since I was attending college in

4

Baltimore. I set my alarm clock for 5:00 a.m. I leave the house at 6 a.m. each morning in order to get to class on time. On the morning of October 24, the agents entered the house before the 5 a.m. alarm clock sounded. Additionally, I have a television alarm set for 6 a.m. and my parents get up each morning at that time to start their day and see me off to school and make sure I am properly prepared for the long commute to Baltimore for college. On the morning of October 24th, he agents were inside the house and had pulled us all out of bed and handcuffed us. They (the agents) were well into their searching when the television alarm came on at 6 a.m. The agents were startled by the noise. Both my alarm clock and the television sounded after the agents were inside the house.

As part of this investigation, there were other houses searched on that morning as well as our home. The other locations have a photograph of the Search Warrant and Attachment A. The photos were taken with the residents either holding the search warrant or it was photographed inside the location or attached to the wall. During the search at our residence (Moore Street) one of the agents (an Asian) repeatedly asked the other agents if he should "take a picture of the search warrant now". There is no photo of a search warrant or Attachment A at the Moore Street house. The agents never presented me or my parents with a search warrant or Attachment A. The search warrant document states that a copy of the search warrant and Attachment A must be signed by the occupants and left at the location. The agents took over 40 boxes of our personal, private, and business documents and they had my mother sign the inventory sheet for the items they took from the house. Again, I assert there was no search warrant or Attachment A presented, signed or left at the premise.

Horne Materially False Statement: Norma Horne testified, page 19, lines 20-21. Agent Horne testified "we believe he has several houses from Baltimore, PG County. We think it is six". Norma Horne is co-lead agent. According to the testimonies provided by the agents, this investigation was supposed to have been going on since late 2004. During the wiretap and investigation, investigators only mentioned the Brandywine Road house. The Brandywine Road house is actually a property rented out to Mr. Jones' mother-in-law and sister-in-law. My parents were buying and living in the Moore Street house in

5

Waldorf, Maryland. My parents also own a house (an uninhabitable shell) in Baltimore, Maryland which they purchased in August 2005. Because of all of the negative publicity surrounding this investigation, the contractor working on the house abandoned the project. I was depending on him finishing the rehab project so that I and my friends from Coppin State's marching band would have a place close to school to live. Detective Horne's statement is deceiving and perjurous to testify that my family owns "<u>six</u>" houses. Agent Horne knowingly and corruptly made these false declarations in an effort to mislead the jury and paint a negative picture of me and my family.

Not once, in any statements, any documents, nor during pre-trial is any information on record that Mr. Jones went out to the garage and pointed out anything to the agents. I challenge Norma Horne's false testimony, by arguing that from the time the agents entered the house and demanded everyone in the house to lie down on the floor, they handcuffed all the occupants. Never was it stated, written or communicated in any manner that the agents took Mr. Jones to the garage, removed the handcuffs and Mr. Jones pointed out anything in the garage or inside the Jeep itself. If Detective Horne testified about these events as the lead agent, there should be some report of such events. The truth of the matter is that the agents entered the Moore Street house without a search warrant (therefore they were not able to obtain a signature on the original warrant from any of the occupants of the house), and the agents dishonestly conspired and created this fictitious statement to cover their "illegal search and entry." While the agents were in the house conducting the search, one agent in particular (an Asian) repeatedly asked if he should photograph the search warrant. That photograph was never taken and never presented. Again, the FBI agents knowingly and corruptly chose to enter and search the home of Mr. & Mrs. Jones without showing or presenting a search warrant; a clear violation of the law.

On September 2, 2005, Special Agent Stephanie E. Yanta, Federal Bureau of Investigation requested an application for an authorizing the interception of wire communication to and from mobile cellular telephone number 202-538-3946 (ESN010330005007579).

Special Agent Yanta also applied for a search warrant for computer networks maintained by electronic communication service provider Sprint Spectrum LP, and Cingular Wireless. Agent Yanta violated U.S.C. 2518, she also mislead, deceived and demonstrated reckless disregard for the truth (Frank v. Delaware).

There was no probable cause in the September 2, 2005 wiretap affidavit, the August 10, 2005 and August 18, 2005 text messages affidavits. Facts and evidence are to support this was revealed in the trial. Refer to trial transcript, while Special Agent Yanta testified Friday, October 27, 2006, Monday, October 30, 2006 and November 2006. Also review the trial transcript of Tymira Hunter, Karissa Jones, Quentessa Broussard. See death certificate for Wallace Ward. Also note cell phone record from 202-583-3946, tainted pen register, and other facts and trial discovery. The trial transcripts along with the other discovery prove that Special Agent Yanta intentionally committed perjury, wrong doing, slander, misleading, and deceived the courts.

Complaint #1: Agent Yanta, the FBI, and the DC MPD Safe Streets Task Force monitored and illegally eavesdropped on my personal, business and private conversations with my father.

Complaint #2: Agent Yanta, the FBI, and the DC MPD Safe Streets Task Force did not minimize my personal, private and business calls pursuant to the provision of 18U.S.C. 2518.

Complaint #3: Agent Yanta illegally retrieved the text messages from cell phone 202-583-3946, used the text messages to mislead and deceive the Judge in the probable cause section in the September 2, 2005 wiretap affidavit. Agent Yanta made false statements, false conclusions and displayed reckless disregard for the truth.

Complaint #4: Agent Yanta's September 2, 2005 wiretap affidavit has no probable cause, no incriminating facts or evidence, only deception, perjury statements and false information.

Complaint #5: Wrongful arrest, slander, invasion of privacy, loss of consortium, depression and stress inflicted by the FBI, and MPD Safe Streets Task Force.

Complaint #6: Ms. Rachel Lieber and Mr. Jack Geise both engaged in prosecutorial misconduct by allowing, encouraging and participating along with the FBI, MPD and ICE agents and detectives in deceiving the courts, manipulating the facts, and forging false documents, witness testimonies and statements throughout the trial.

Signed,
Antoine B. Jones, Jr.

*/s/ Antoine B. Jones Jr.*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
ANTOINE B. JONES, JR.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE N/P

## DEFENDANTS
STEPHANIE YANTA, SPECIAL AGENT
ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-01996
Assigned To : Leon, Richard J.
Assign. Date : 11/6/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 2 Million   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES  ☐ NO   If yes, please complete related case form.

DATE 11- -07   SIGNATURE OF ATTORNEY OF RECORD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd